*Drane, for appellee.*

---

## J. B. ENGLISH *v.* W. CARPENTER.

**United States—Settlement of Claim—Military Occupation.**

· The evidence was held not to show a settlement of the whole damage to claimant's farm caused by military occupation.

APPEAL FROM BULLITT CIRCUIT COURT.

December 10, 1873.

OPINION BY JUDGE PRYOR:

The extent of the compromise made by English with the agent of the government, can not be determined by the statements of witnesses who seem to know but little of what really transpired at the time. They say it was their understanding, but do not recollect distinctly about the matter. They understand it was made in settlement of the damage to the whole farm. These responses are made, also, to questions suggesting the answer desired by counsel; and no witness, without being thus led, attempts to give an intelligent account of what was included in the settlement. There was a witness examined in the case who could have thrown much light on this question, and that witness was the plaintiff himself. Stephen Kulp swears that Carpenter was present when the settlement was made with the government agent, and he understood took part in it. As to the presence of Carpenter, he expresses no doubt. He is also plaintiff's witness, and when plaintiff is called on to testify in his own behalf it is singular, at least, that he failed (if the fact stated by Kulp was untrue) to deny his presence when the government agent and English made terms in regard to the damages. Having made no denial of his presence at the time,

nor attempted to explain the character of the settlement made, it is conclusive as to the unity of the statement in the answer of English that he only settled the damages that English had sustained, and not the damage to which they were jointly entitled under the agreement made.

The question of compromise also speaks for itself. English releases the government from "all right, title, interest and claim to any damages that have accrued or may hereafter accrue to me, by reason of the aforesaid military occupation of said land." This language only releases the claim of English, and the agent must have known, when making it, that English had no power to release the claim of the appellee. The damage to the land that constituted a claim of any importance, was sustained by Carpenter prior to the sale of his land to English, and the former seems to have been prosecuting a claim against the government on account of this damage amounting to upwards of seven thousand dollars. The amount received by English, valuing the lumber as it stood in the buildings obtained by him, did not exceed five hundred dollars, and when torn down the lumber was not worth exceeding three hundred dollars.

It is unreasonable to suppose that English would have compromised the whole claim for this small sum, and more unreasonable to conclude that Carpenter would stand by and see his claim for seven thousand dollars settled by the acceptance of lumber which, when taken down was not worth three hundred dollars, and he, Carpenter, to receive no portion of that, but in fact purchased some of this lumber from English after the settlement was made. The evidence also shows that Carpenter had not abandoned the prosecution of his claim, but was still hoping to get an allowance upon it, and was not inviting or expecting the aid of English in its prosecution. The fact of Carpenter having received compensation from the government for the house on the premises, as appears from the letter attached to the record, has not been considered in the determination of this case. The court can only express surprise that counsel would append to the record that which formed no part of it. But for the client's interest, who, we presume, had no agency in filing this paper, we should at once have dismissed the ap-

peal.   The judgment of the court below is reversed and cause remanded with directions to dismiss the petition.

*R. H. Field, R. J. Meyler, for appellant.*

*A. H. Field, for appellee.*